Anson CÁRTER, Plaintiff–counter–defendant–Appellant,

v.

HONEYWELL, INC., Defendant–counter–claimant–Appellee.

No. 05–56876.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2007.*

Filed Aug. 14, 2007.

---

1. The mandate will not be issued in this matter until a proper party has been substituted as appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

James F. Lefebvre, Esq., Loma Linda, CA, for Plaintiff–counter–defendant–Appellant.

Edward G. Gregory, Esq., Mariana Aguilar, Esq., Steptoe & Johnson, Los Angeles, CA, for Defendant–counter–claimant–Appellee.

Before: KOZINSKI and RAWLINSON, Circuit Judges, and CEDARBAUM **, Senior Judge.

** The Honorable Miriam Goldman Cedarbaum, Senior U.S. District Judge for the Southern District of New York, sitting by designation.

MEMORANDUM ***

Appellant Anson Carter (Carter) challenges the district court's grant of summary judgment in favor of Appellee Honeywell, Inc. (Honeywell) on Carter's wrongful termination claim and on Honeywell's unjust enrichment counterclaim.

■ Carter's argument that he was terminated in violation of public policy is unavailing because Carter failed to raise a genuine issue of material fact regarding whether Honeywell actually terminated his employment *because of* his refusal to allow wage deductions. *See Tyco Indus., Inc. v. Superior Court,* 164 Cal.App.3d 148, 158, 211 Cal.Rptr. 540 (1985) (holding "[t]he conduct of [an] employer ... wrongful [when] the *motive for discharge* was contrary to 'some substantial public policy' ...") (citation omitted) (emphasis added). Because Honeywell provided Carter with a repayment option that did not require wage deductions, no genuine issue of fact existed on this issue.

■ Finally, Carter was unjustly enriched because he failed to repay the approximately $53,300 advanced on his behalf. *See Ghirardo v. Antonioli,* 14 Cal.4th 39, 43–44, 57 Cal.Rptr.2d 687, 924 P.2d 996 (1996) (concluding that failure to pay a debt may result in unjust enrichment).

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.